Argued December 7, 1964, affirmed January 20, 1965

# WHITNEY v. CANADIAN BANK OF COMMERCE and STATE LAND BOARD

398 P. 2d 183

*Donald H. Joyce,* Portland, argued the cause for plaintiff-respondent. With him on the brief was Ben F. Forbes, Portland.

*Catherine Zorn,* Assistant Attorney General, Salem, argued the cause for intervenor-appellant. With her on the briefs was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

O'CONNELL, J.

The State Land Board appeals from an order denying its motion requesting distribution of funds claimed by way of an escheat.

This is the second time the case has been before us on appeal. In *Whitney v. Canadian Bank of Commerce*, 232 Or 1, 374 P2d 441 (1962), we held that an attempted gift of a checking account to Palma Whitney failed for lack of delivery, and since there were no heirs of the donor the property escheated to the state. Since the lower court had held that there had been an effective gift of the checking account the cause was reversed. The donor had also given his savings account to Palma Whitney. The lower court held that a gift of the savings account was effective. The state did not appeal from that holding. Thus after we entered our mandate in the original appeal, the state was entitled to the checking account and Palma Whitney was entitled to the savings account.

When the donor expressed his intent that Palma Whitney own both the savings and checking accounts he made it clear that the donee was to have only that which remained after all of his debts, expenses of last illness and funeral expenses had been paid.

On this appeal the state takes the position that since the gift was made subject to the payment of debts and expenses any property that passed to the donee was charged with the payment of such debts and expenses. The state then reasons that since the checking account did not pass to the donee it was not subjected to the charge.

In our opinion the state's position is not tenable. The distribution of the property should be made in accordance with the intent of the decedent. Not having his express intent to guide us, we must decide what he probably would have intended had he thought of the contingency which occurred. It is patent that the donor would not have intended to confer a benefit on the State Land Board at the expense of a friend whom he expressly designated as the object of his bounty. We believe that the decedent intended that his debts and expenses should be paid out of the property effectively passed by way of gift only if the remaining property was insufficient to satisfy these obligations. The state argues that the donor's direction to pay debts and expenses created a specific charge on the subject matter of the gift. We do not so construe the donor's direction. We regard it simply as an expression of the donor's intent that the donee was to take only after the debts and expenses were paid.

The case is in exactly the same posture as it would have been if the donor had confined the gift to the savings account and had made no mention of his debts and expenses. In such a case it would be clear that the order of payment and distribution out of the donor's estate would be first to discharge the donor's debts and expenses, second to pay to the donee out of the remaining assets the amount of the gift, and third to distribute the remaining property to the State Land Board.

The result we have reached is in accord with the design of the statutes on escheat which provide that escheated property is subjected to the claims of creditors (ORS 120.010, 120.090 (3), 120.100 (3)).

The judgment of the lower court is affirmed.